

THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.  16-11319-TJC |
| Ruben Palazzo | * | Chapter   13 |
| | * | |
| Debtor | * | |
| * * * * * * * * | * | |
| Ruben Palazzo | * | |
| | * | |
| Plaintiffs | * | |
| vs. | * | Adversary No.  19-00203 |
| Bayview Loan Servicing, LLC, *et al.*, | * | |
| Defendants | * | |
| * * * * * * * * * * * * * | | |

## ORDER TO SHOW CAUSE WHETHER SOME OR ALL OF THE COUNTS IN THIS ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On June 21, 2019, plaintiff Ruben Palazzo filed a complaint against defendants Bayview Loan Servicing, LLC and Manufacturers and Traders Trust Company. ECF 1. Plaintiff's three-count complaint seeks declaratory judgment, a determination that Defendants violated the Maryland Consumer Debt Collection Act and Maryland's Consumer Protection Act, and a determination that Defendants violated the Maryland Mortgage Fraud Protection Act. *Id.* The

1

allegations in the complaint arise out of the defendants' alleged collection attempts and their use of alleged unlicensed servicers in connection with the note held by defendants.  A review of the complaint raises the question of whether this court has subject matter jurisdiction to hear it.  Accordingly, the court will give the parties the opportunity addressing the issue.

I.

Plaintiff filed his Chapter 13 case on February 5, 2016, initiating Case No. 16-11319.  Bayview filed Claim No. 3-1 on April 5, 2017, asserting a secured claim on behalf of M&T Bank in the amount of $150,548.06, and prepetition arrearages of $25,971.98.  The debtor objected to the claim, ECF 81, and, after a response by Bayview, ECF 82, the court resolved the objection at a hearing held on January 25, 2018.  The court determined that the allowed arrearage claim was $11,816.21.  ECF 91.

The debtor filed a fourth amended Chapter 13 plan incorporating the established arrearage claim of $11,816.21 and paying that claim in 26 monthly payments of $454.27.  ECF 104.  The plan was confirmed by order entered on July 6, 2018.  ECF 106.

The complaint asserts claims in connection with the loan that is the subject of the proof of claim taken to finance the purchase of a home located at 34811 Old Ocean Road, Wicomico County, Maryland.  *See* ECF 1 at ¶¶17-21.  The complaint alleges that the loan was transferred to M&T Bank, to be serviced by Bayview, pursuant to a correspondence received in December 2013.  *Id.* at ¶24.  Thereafter, defendants began to reject payments made by plaintiff, leading to a default on the loan and causing plaintiff to file for bankruptcy.  *Id.* at ¶24.  The complaint further alleges that several post-petition statements were submitted by defendants to plaintiff which were "materially incorrect, false and misleading."  *Id.* at ¶¶30-36, 39, 41.

The claims in the complaint are as follows: Count I seeks a declaratory judgment concerning the sums due from plaintiff to defendants, a determination of defendants' entitlement to use alleged unlicensed servicers, and a finding of contempt against defendant Bayview. *Id.* at ¶¶67-72. Count II seeks damages for alleged violations of the Maryland Consumer Debt Collection Act and Maryland's Consumer Protection Act. *Id.* at ¶¶73-86. Count III seeks damages under the Maryland Fraud Protection Act. *Id.* at ¶¶87-95.

II.

This court derives its jurisdiction from the district court. 28 U.S.C. §157(a). As pertinent here, the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). A claim "aris[es] under title 11" if it is a "cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy." *Educ. Credit Mgmt. Corp. v. Kirkland (In re Kirkland)*, 600 F.3d 310, 315-18 (4th Cir. 2010). A claim "arises in" Title 11 of the United States Code if it is one "that is not based on any right expressly created by Title 11, but nevertheless could have no existence outside of bankruptcy." *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003) (quoting *A.H. Robins Co. v. Dalkon Shield Claimants Trust,* 86 F.3d 364, 372 (4th Cir.1996)). Thus, a controversy "arises in" Title 11 when "it would have no practical existence but for the bankruptcy." *Id.* "[T]he test for determining whether a civil proceeding is "related to" bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007) (quoting *Owens-Ill., Inc. v. Rapid Am. Corp.*, 124 F.3d 619, 625 (4th Cir. 1997)) (internal quotation marks omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities,

options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Valley Historic*, 486 F.3d at 836 (quoting *Owens-Ill.*, 124 F.3d at 625-26).  However, the Supreme Court has held that "related to" jurisdiction "cannot be limitless," and that the critical component of the test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n. 6 (1995).

Here, the plaintiff brought the adversary proceeding after confirmation of his Chapter 13 plan.  In *Valley Historic*, the Fourth Circuit established the standards for "related to" jurisdiction after confirmation of a Chapter 11 plan.  The Court held that the bankruptcy court lacked subject matter jurisdiction to hear the debtor's breach of contract and tortious interference claims against its secured lender.  After noting that the claims did not arise under Title 11 or arise in Title 11, the Court adopted the rationale of *Binder v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 166 (3d Cir. 2004), finding:

> [F]or "related to" jurisdiction to exist at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process—there must be a close nexus to the bankruptcy plan or proceeding. Practically speaking, under this inquiry matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.

*Valley Historic*, 486 F.3d at 836-37 (internal quotation marks and citations omitted).  This approach ensures that the proceeding will serve a "bankruptcy administration purpose" on the date the bankruptcy court exercises jurisdiction. *Id.* at 837.

The Court found that the claims lacked the required "close nexus:"

> We find no conceivable bankruptcy administration purpose to be served by the Debtor's adversary proceeding because the Plan made no provision for the use of any recovery from the adversary proceeding but instead provided for the satisfaction of the Debtor's obligations entirely from the post-petition rents and earnings of the Debtor through operation of its real estate.

4

*Id.* (internal quotation marks and citations omitted). The Fourth Circuit has applied *Valley Historic* in the context of Chapter 13 post-confirmation claims as well. *See Kirkland*, 600 F.3d at 315-18.

The parties have not addressed the court's subject matter jurisdiction, which can be raised by any party, or by the court *sua sponte*, at any time prior to final judgment. *Id*. at 315. Plaintiff alleges that the defendant's violated a court order, which would appear to be well within the court's jurisdiction to resolve. Plaintiff, however, also includes nonbankruptcy claims in the complaint, and it is not readily apparent how those claims meet the standards of 28 U.S.C. §1334.

The court enters this order to give the parties an opportunity to address whether the court has subject matter jurisdiction over all claims in the complaint.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the plaintiff shall file a response to this Order within fourteen days; and it is further

ORDERED, that defendants shall file a response within fourteen days of plaintiff's filing.

cc:     All Parties
        All Counsel

**End of Order**