**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| **RUBEN PALAZZO** | |
| Plaintiff | |
| v. | Adversary Proceeding No.: 19-00203 |
| **BAYVIEW LOAN SERVICING LLC** | |
| And | |
| **MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK** | |
| Defendants | |

**PLAINTIFF'S RESPONSE TO COURT'S SHOW CAUSE ORDER (ECF 27)**

Plaintiff Ruben Palazzo ("Plaintiff" or "Mr. Palazzo"), hereby responds to the Court's Show Cause Order (ECF 27) and says in response:

I. **INTRODUCTION & BACKGROUND**

This action commenced on June 21, 2019. ECF. 1. The core, underlying issue on each of Plaintiff's claims against the Defendants Bayview Loan Servicing LLC ("Bayview") and Manufacturers and Traders Company d/b/a M&T Bank ("M&T")(collectively "Defendants") concerns and relates to the following: the Defendants' attempts, directly and indirectly, to repeatedly seek sums from the Plaintiff on his mortgage loan which this Court already held were not owed when the Court sustained Mr. Palazzo's objection to Defendants' proof of claim related to his mortgage. *See e.g.* Com. at ¶¶ 1, 4, 6-7, 9, 26-41, 48-52, 54. Neither Bayview nor M&T ever appealed this Court's Order sustaining Mr. Palazzo's objection to the proof of claim. Com.

1

at ¶ 72.  Rather, as demonstrated by Mr. Palazzo's well pled Complaint, Defendants willfully and recklessly disregarded this Court's Order.  *See e.g.* Com. at ¶¶ 1, 4, 6-7, 9, 26-41, 48-52, 54.[1]

In his Complaint, Mr. Palazzo asserts several claims: (i) Count I: Declaratory Relief (Com. at ¶¶ 67-72); (ii) Count II: violations of the Maryland Consumer Debt Collection Act ("MCDCA"), COM. LAW § 14-201, *et seq.* and the Maryland Consumer Protection Act ("MCPA"), COM. LAW § 13-101, *et seq.* (Com. at ¶¶ 73-86); and (iii) Count III: violations of the Maryland Mortgage Fraud Protection Act ("MMFPA"), REAL PROP. § 7-401, *et seq.* (Com. at ¶¶ 87-95).

The Defendants have not filed an Answer to Plaintiff's Complaint but did move to partially dismiss just a single aspect of each of Plaintiff's claims but not the claims in their entirety and Defendants' time to do so has long passed.  ECF. 18.  Specifically, Defendants only moved to dismiss the Plaintiff's claims related to the Defendant's willful and reckless use of third-party vendors to attempt to collect from the Plaintiff sums this Court disallowed in sustaining Mr. Palazzo's objection to the proof of claim filed related to his mortgage.  *Id.*  Mr. Palazzo has opposed that motion.  *See e.g.* ECF 20, 24-25.  Tellingly, the Defendants did not timely dispute Plaintiff's supplemental authorities (ECF. 25) or the government documents presented in Plaintiff's motion to take judicial notice (ECF. 24 & 24-1) which conflict with the theories advanced by them in their partial motion to dismiss (ECF. 18).

As shown *infra*, Mr. Palazzo does believe this matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The violations of the Court's prior order sustaining Mr. Palazzo's objection to the mortgage proof of claim form the basis of all the claims.  While the Defendants wish to suggest that the issue presented in their motion resolves this case, it only actually involves

---

[1]   It should be noted that the Defendants have essentially defaulted by not filing a timely Answer to Plaintiff's Complaint.  Their motion to dismiss simply involved a single issue and not any claims presented.

a symptom of their practices at issue.  At bottom, this action presents a core proceeding about whether the Defendants may directly and indirectly ignore the Court's prior order concerning what sums they are permitted to collect or attempt to collect from Mr. Palazzo.  As a result of their improper actions, Mr. Palazzo is entitled to certain remedies and relief sought in the action.  Those remedies and relief, however, do not make this action a non-core proceeding.  Rather, the remedies and relief are consequences to the willful and reckless actions of the Defendants in disregard to the Court's prior order.  In addition, the claims here concern the Defendants' attempts to gain an unfair advantage over Mr. Palazzo's other creditors by claiming and demanding sums not allowed by the Court which would result in less funds available to these other creditors.

## II.     THE COURT'S SHOW CAUSE ORDER

In the Court's Show Cause Order (ECF.27) the Court states:

> The allegations in the complaint arise out of the defendants' alleged collection attempts and their use of alleged unlicensed servicers in connection with the note held by the defendants.  A review of the complaint raises the question of whether this court has subject matter jurisdiction to hear it.  Accordingly, the court will give the parties the opportunity (sic) addressing the issue.

ECF. 27 at Pages 1-2.

## III.    ARGUMENT

### A.  Mr. Palazzo's Claims before the Court are Core Claims

28 US.C. § 157(b)(2) defines "Core proceedings [to] include, but are not limited to (A) matters concerning the administration of the estate…(C) counterclaims by the estate against persons filing claims against the estate."

The Fourth Circuit has explained that when a debtor presents claims, as Mr. Palazzo has done in this case,

3

> which seeks damages for [a creditor's] violation of [state debt collection laws], is [a] *statutorily* core because it is a "counterclaim[ ] by the estate against [a] person[ ] filing [a] claim[ ] against the estate." *See* 28 U.S.C. § 157(b)(2)(C); *see also, e.g., Burns v. Dennis (In re Southeastern Materials, Inc.),* 467 B.R. 337, 360 (Bankr.M.D.N.C.2012) (holding that a cause of action seeking damages for a creditor's unfair or deceptive trade practices, which had no bearing on the allowance or disallowance of a proof of claim, was a counterclaim by the estate); *SJI, Inc. v. Staehnke (In re SJI, Inc.),* 442 B.R. 690, 693 (Bankr.D.Minn.2010) (holding that a cause of action seeking damages for a creditor's breach of contract was a counterclaim by the estate).

*Moses v. CashCall, Inc.*, 781 F.3d 63, 70–71 (4th Cir. 2015). *See also* In re Providence Hall *Assocs. Ltd. P'ship*, No. 11-11656-BFK, 2018 WL 8577031, at *7 (Bankr. E.D. Va. Dec. 21, 2018), ("Core proceedings involve claims that would have no existence outside of a bankruptcy case. *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007); *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003). The statutory definition of core proceedings includes 'matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A)"); *In re Abell*, No. 13-13847-TJC, 2016 WL 1556024, at *1 (Bankr. D. Md. Apr. 14, 2016)("This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and Local Rule 402 of the United States District Court for the District of Maryland. The court has the inherent authority to sanction conduct that 'abuses the judicial process.' *Silvestri v. General Motors Corp.,* 271 F.3d 583, 590 (4th Cir.2001). A bankruptcy court possesses this power in equal measure. *NEGT Energy Trading Holdings Corp. v. Orrick, Herrington & Sutcliffe LLP,* 2009 WL 902058, at *1 (Bankr.D.Md. Mar. 27, 2009) (and cases cited therein). *See also,* 11 U.S.C. § 105(a) (Bankruptcy court 'may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title' and may take any action or make any determination necessary or appropriate 'to prevent an abuse of process'").

> Courts attempting to analyze the status of a particular claim that is not listed in section 157(b)(2) have considered factors such as whether the rights involved exist independent of title 11, depend on state law for their resolution, existed prior to the

> filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case. *See, e.g., In re World Solar Corp.,* 81 B.R. 603 (Bankr.S.D.Cal.1988); *In re Commercial Heat Treating, Inc.,* 80 B.R. 880, 888 (Bankr.S.D.Ohio 1987).

*In re Cinematronics, Inc.*, 916 F.2d 1444, 1450 (9th Cir. 1990).

Based on the foregoing Plaintiff believes the claims asserted in his Complaint (ECF 1) are core claims since they concern and directly related to the administration of the estate in relation to the Defendants' willful and reckless disregard of the Court's prior Order sustaining his objection to the claimed proof of claim. *See e.g.* Com. at ¶¶ 1, 4, 6-7, 9, 26-41, 48-52, 54. But for the Court's Order sustaining the proof of claim related to his mortgage, the claims before the Court would not have existed.

### B. To the Extent that the Affirmative Claims Result in Monetary Judgements, the Sums Realized May be Property of the Estate

Certain of the damages and sums that may be realized from the Complaint (ECF. 1) may also be property of the Estate, which also means that the claims 'concern the administration of the estate.' 28 US.C. § 157(b)(2)(A). In other words, the some of the sums that may be obtained may be applied to the plan payments and permit case to be completed early. In that way, the claims are also core matters within this Court's jurisdiction.

It is true that one of the remedy's available to Mr. Palazzo in relation to the Defendants' use of unlicensed servicers involves (i) a state law issue and (ii) a declaration that the Defendants are not permitted to collect interest and fees on the loan pursuant to Fin. Inst. § 11-523, that remedy is directly and proximately a result of the Defendants election to disregard the Court's prior order by utilizing vendors who were acting illegally while attempting to collect sums this Court rules were not owed.

Finally, "[w]hile a bankruptcy court 'may [conclusively] decide core bankruptcy claims, which include [ ] [the claims listed in] 28 U.S.C. § 157(b)(2)[ ][,]' 'it cannot finally resolve [non-

5

core claims] and must instead submit proposed findings of fact and conclusions of law to the district court." *Moses v. CashCall, Inc.,* 781 F.3d 63, 70 (4th Cir.2015)." *Educ. Credit Mgmt. Corp. v. Pulley*, 532 B.R. 12, 22–23 (E.D. Va. 2015).  So, even if the Court wished to err on the side of caution as to certain aspects in the case, it still may propose findings of fact and conclusions of law to the District Court on those matters it believes are non-core matters.  *Id.*

### IV.  CONCLUSION

Both Mr. Palazzo and the Defendants have agreed that this Court has jurisdiction to hear the claims before it.  *See e.g.* Com. at 9, 11; ECF. 16.  While the Court has some discretion to decline the Parties' positions, in this case at worst, there is a mix of core and non-core claims involved and in such an instance the Court should respectfully retain jurisdiction for all matters and submit to the District Court proposed findings of fact and conclusions of law.  *Moses,* 781 F.3d at 70.

Respectfully Submitted,

*//s//Phillip R. Robinson*
Phillip R. Robinson
Bar No. 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304

*Counsel for Ruben Palazzo*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November 2019, a copy of the foregoing was served on all counsel of record in this case through the court's CM/ECF system:

Edward W. Chang
Namrata Loomba
Blank Rome LLP
1825 I Street, NW
Washington, DC  20006
*Counsel for Bayview Loan Servicing, LLC and M&T Bank*

                                                *//s//Phillip R. Robinson*
                                                Phillip R. Robinson