UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**Greenbelt Division**

| | | |
|---|---|---|
| In re: | * | |
| RUBEN PALAZZO, | * | Case No. 16-11319-TJC |
| | | Chapter 13 |
| Debtor. | * | |
| * * * * * * * | * | |
| RUBEN PALAZZO, | * | |
| Plaintiff, | * | |
| vs. | | Adversary Proceeding No.: 19-00203 |
| | * | |
| BAYVIEW LOAN SERVICING LLC, *et al.* | * | |
| Defendants. | * | |
| * * * * * * * | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT**

Defendants Community Loan Servicing LLC f/k/a Bayview Loan Servicing LLC ("Bayview" or "CLS") and Manufacturers and Traders Trust Company d/b/a M&T Bank ("M&T") (collectively, the "Defendants") oppose Plaintiff's Motion for Partial Summary Judgment [ECF No. 110] ("Motion") as to Counts I and II of Plaintiff Ruben Palazzo's ("Plaintiff") Amended Complaint [ECF No. 62], and in support thereof, state as follows.

Plaintiff's Motion is little more than attempt to throw proverbial spaghetti at the wall, to see what sticks. He spends significant time addressing the withdrawal of the reference of the non-core counts to the United States District Court, as well as extensive discussion of the existence and applicability of this Court's Order Sustaining the Claim Objection [Bankr. Doc. No. 91] (the "POC Order"), and the Order Confirming Debtor's Fourth Amended Chapter 13 Plan [Bankr. Doc. No. 106] (the "Confirmation Order"). In doing so, Plaintiff suggests that perhaps Defendants dispute the applicability of those Orders;

They do not.  Plaintiff attempts to further confuse the issues by noting in a footnote that "other undisputed and material facts which are more fact-intensive will be presented at trial which will shed light on additional bases for liability of the Defendants and the questions of damages due to the Plaintiff under the claims asserted in Counts I and II of the Amended Complaint and highlight the volume of continuing violations by the Defendants."  See Motion fn. 2.  This odd statement begs the question of whether Plaintiff believes he is actually entitled to summary judgment, or whether the Motion was more in the nature of an opposition the Defendants Motion for Summary Judgment.  Regardless, the legal questions presently before the Court are two-fold and straightforward:

First, is Plaintiff entitled, as a matter of law, to entry of a contempt judgment for Defendants' alleged violation of 11 U.S.C. § 1327; and

Second, did the monthly statements that Defendants sent the Plaintiff beginning in May 2018[1] violate 11 U.S.C. § 362 even assuming, as Plaintiff suggests, that the balances shown on those statements was not accurate.

The answer to each of these questions based on the documentation presented by Plaintiff is "no."

The Plaintiff's Statement of Undisputed Facts amounts to unsupported conclusory allegations, which Defendants vigorously dispute. Regardless, looking at the underlying mortgage statements themselves, which form the basis for Plaintiff's allegations, the facts fully support denial of the Plaintiff's Motion.

### A. Plaintiff Is Not Entitled to a Contempt Order as a matter of Law, for Violation of 11 U.S.C. § 1327.

Count I of the Complaint alleges that Defendants took actions in contravention of the Debtor's confirmed Chapter 13 Plan, and thus were in violation of 11 U.S.C. § 1327.  As a result of that alleged

---

[1] There is no dispute that the statements sent prior to May 2018 were accurate. See Amended Compl., ¶ 31. Further, as set forth in detail in Defendants Memorandum of Law in Support of Its Motion for Summary Judgment, Defendants do not concede that the statements were inaccurate, but merely that they did not reflect all Chapter 13 plan payments because of a delay in receipt and processing.

violation, Plaintiff requests that the Court find Defendants in "contempt for violations of the Bankruptcy Code." See Amended Compl. ¶ 82; Prayer for Relief ¶ A.

Section 1327 provides, in pertinent part, that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *See* 11 U.S.C. § 1327(a). Although Count I generally references "M&T and Bayview's actions, as described above," without alleging the specific conduct Plaintiff alleges was improper, the Plan had two pertinent components as it relates to the Defendants: (1) Plaintiff would make his post-petition payments to Defendants and (2) Plaintiff would cure his arrears of $11,816.21. *See* Plan [Bankr. ECF No. 104]. As such, only a violation of these provisions could constitute a violation of 11 U.S.C. § 1327.

As Plaintiff notes, a finding of contempt requires proof by clear and convincing evidence, *inter alia*, "that the alleged contemnor by its conduct violated the terms of the decree" and "movant suffered harm as a result." (Motion, at 13 [quoting In re Minh Vu Hoang, 2014 WL 1320322, at *4 (Bankr. D. Md. March 28, 2014)].) *See also United States v. Under Seal* (*In re Grand Jury Subpoena*), 597 F.3d 189, 202 (4th Cir. 2010). Further, the Supreme Court explained that a finding of contempt against a creditor is only appropriate where there can be "*no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." Taggart v. Lorenzen, 139 S. Ct. 1795, 1799 (2021).

In his Motion, Plaintiff argues that Defendants were in contempt of the Confirmation Order because "Defendants sought to gain an advantage over other creditors and attempted to collect sums not owed." See Motion p. 13. This statement is conclusory and unsupported by anything other than the mortgage statements, which essentially form the crux of this case. Mere conclusory allegations of motivation may not form the basis of an argument for summary judgment, without specific evidentiary

support. *See Brown v. Flowers,* 196 Fed. Appx. 178, 182 (4th Cir. 2006); *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998). The evidence in this case is the mortgage statements and there is no reason to go outside of their four corners. Those mortgage statements clearly and plainly state that they were not an attempt to collect any debt and were informational only. The POC Order required the Defendants to reduce the pre-petition arrearages to $11,816.21. The POC Order was entered January 25, 2018. The statement sent to the Plaintiff on May 17, 2018 correctly lists the Plaintiff's pre-petition arrearage as $11,816.21, in conformance with the POC Order. As noted above, Plaintiff does not assert that any loan statements prior to May were inaccurate. Further, each statement after May 2018 maintained that the pre-petition arrearage was $11,816.21, reduced by any payments the Defendants received from the Chapter 13 Trustee. There is simply no factual basis for finding the Defendants tried to collect arrearages through the Chapter 13 plan to which they were not entitled.

Plaintiff has not alleged he suffered monetary damages, nor that his credit report was negatively impacted, or that Defendants ever made demand upon him or took other actual collection actions post-petition. Although the Plaintiff may have expected and preferred that the plan payments had been applied more expeditiously to his mortgage arrearage, the fact that there was a lag between plan payments being sent and applied falls far short of establishing Defendants violated the Confirmation Order, or that any harm has been incurred that rises to the level of contempt.

   **B.**  **Plaintiff Has Not Established a Violation of 11 U.S.C. § 362**

Plaintiff asserts that he is entitled to judgment as a matter of law on Count II of the Amended Complaint based upon Defendants' alleged violation of 11 U.S.C. § 362. Plaintiff claims that Defendants violated the automatic stay by "sending inaccurate payoff statements to the Plaintiffs demanding sums not owed, claiming or implying he owed fees and charges on his 1098s that were never approved by this Court, and sending him other notices which also claimed or implied he owed sums not owed that this

Court had disallowed. While those allegations certainly appear problematic on their face, the evidence provided by Plaintiff to support his claims proves just the opposite.

### (i) The Mortgage and Payoff Statements Were Not an Attempt to Collect a Debt.

The automatic stay prohibits, among other things, attempts to collect pre-petition debts or obtain property of the estate. 11 U.S.C. § 362(a). Here, each mortgage statement in question contained a prominent green box on the first page, stating, in pertinent part:

> **Bankruptcy Message**
> **Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.**

Mortgage statements sent for informational purposes, with a clear disclaimer, cannot form the basis of a stay violation. *In re Pultz*, 400 B.R. 185, 190-92 (Bankr. D. Md. 2008) (informational statement did not violate they stay); *In re Crespo Torres*, 532 B.R. 195, 202 (Bankr. D. P.R. 2015) (letter notifying the debtor that account had been sold and payments should be directed to new account holder did not violate the stay); *In re Sciortino*, 561 B.R. 569, 579 (Bankr. N.D. Ga. 2016) (mailing a letter with no language indicating adverse consequences in event of nonpayment and provided for an informational purpose does not violate the stay); *Lovegrove v. Ocwen Loan Servicing, LLC*, 2015 WL 5042913, at *6 (W.D. Va. 2015) ("courts generally agree that a secured creditor may send informational statements to a debtor without violating the discharge injunction so long as the creditor's communications do not demand payment of the debt"; collecting cases). The monthly statements show the amounts were not charged to Plaintiff and that Defendants never attempted to collect such amounts from Plaintiff, and therefore do not constitute a violation of the automatic stay.

Additionally, payoff statements—and particularly ones requested by the Plaintiff, are not attempts at debt collection and cannot constitute violations of the automatic stay. *See In re Saylor*, No. 3:07-cv-229-WKW, 2008 WL 2397344, at *5 (M.D. Ala. June 9, 2008) (creditor had not 'acted' for purposes of § 362(a) by sending a 'transaction history report' and payoff letter at debtor's request (citing *In re*

*Redmond*, 380 B.R. 179, 187 (Bankr. N.D. Ill 2007))); *Sullivan v. First Horizon Home Loan*, No. 02-10657, 2003 Bankr. LEXIS 2091, at *2 (Bankr. E.D. Pa. Nov. 23, 2003) ('Neither the internal posting of fees to an account, nor their inclusion on a payoff statement implicate the automatic stay because neither is an act or effort to collect the fees.').  The fact that Plaintiff claims the February 2019 payoff statement included unauthorized interest, late charges, NSF charge, corporate advances, and attorneys' fees is unavailing.  The POC Order did not specify how Defendants were to reduce their pre-petition arrearage to the sum of $11,816.21; Defendants appropriately reduced the arrearage, and left interest and other charges in place to compose that sum.  To the extent the payoffs contained any errors, the payoff statements were clear that they were informational only and not an attempt to collect a debt owed.

### (ii) Defendants Complied with Bankruptcy Rule 3002.1

Plaintiff contends in his Motion that Defendants never "filed with the Court any Rule 3002 Notices in which they asserted a right to collect any non-escrow related fees and charges claimed due by them on the loan." (Motion, at 10.)  Importantly, nowhere in the Amended Complaint does Plaintiff allege that any of Defendants' actions or inactions related to Rule 3002 Notices are stay violations. To the contrary, on May 15, 2017, Bayview filed a Notice of Post-petition Mortgage Fees, Expenses, and Charges on May 15, 2017 ("PPFN"). (Bankr. Claims Register, Claim 3; CLS Decl., ¶9.)   Furthermore, Rule 3002.1 addresses the notice a creditor must give when the amount of a post-petition mortgage changes based on an interest-rate or escrow-account adjustment; Plaintiff has provided no support for his assertion that the alleged failure of such notice would be a violation of the automatic stay.

For the foregoing reasons, Defendants request that Plaintiff's Motion be denied in its entirety.

Dated: November 5, 2021                                Respectfully submitted,

                                                                          */s/ Patricia B. Jefferson*
                                                                   Bradford Bernstein, Bar # 13711
                                                                   Patricia Jefferson, Fed. Bar No. 27668

117001\000001\4877-7809-0753.v2

**Miles & Stockbridge**
11 N. Washington Street, Suite 700
Rockville, MD 20850-4229
301-762-1600
BBernstein@milesstockbridge.com
PJefferson@milesstockbridge.com

*Attorneys for Defendants, Community Loan Servicing LLC f/k/a Bayview Loan Servicing LLC and Manufactures and Traders Trust Company*

117001\000001\4877-7809-0753.v2

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2021 a copy of the foregoing Opposition was served via electronic mail and first class mail, postage prepaid to:

Phillip R. Robinson, Esq.
Consumer Law Center LLC
8737 Colesville Road Suite 308
Silver Spring, MD 20910

          */s/ Patricia B. Jefferson*

          Patricia B. Jefferson