## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<div style="display:flex; justify-content:space-between;">

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

</div>

February 4, 2022

RE:  *Palazzo v. Bayview Loan Servicing, LLC, et al.*
     Case No.: 20-cv-2392-PWG

### **LETTER ORDER**

Dear Parties:

    This Letter Order responds to Mr. Palazzo's pending Motion for Withdrawal of Reference to the U.S. Bankruptcy Court pursuant to 28 U.S.C. § 157(a). The Motion has been fully briefed at ECF Nos. 1, 4 and 5, and I conclude that no hearing is necessary. *See* Local Rule 105.6. For the reasons explained below, Mr. Palazzo's Motion is GRANTED.

    Mr. Palazzo filed the underlying Chapter 13 bankruptcy proceeding on February 5, 2016. The U.S. Bankruptcy Court for the District of Maryland confirmed Mr. Palazzo's Chapter 13 plan and also sustained Mr. Palazzo's objection to the proof of claim filed by the Defendants Bayview Loan Servicing, LLC ("Bayview") and Manufacturers and Traders Trust Company ("M&T"). Mr. Palazzo alleges that Bayview and M&T have persisted in their attempts to collect on an alleged debt in violation of the Bankruptcy Court's Order sustaining his objections. In response to these continuing actions by the Defendants, Mr. Palazzo commenced an Adversary Bankruptcy Proceeding (Case No. 19-00203) against them.

    The Amended Complaint in the Adversary Proceeding asserts four causes of action against the Defendants. (Case No. 19-00203 at ECF 62). Counts I and II allege that Bayview and M&T "violated provisions of the Bankruptcy Code or an order of" the Bankruptcy Court. *Id.*; Mem. Op. re: Subject Matter Jurisdiction, Adversary Proceeding, ECF 58 at 1 ("SMJ Mem. Op."). Count III alleges that Bayview and M&T violated Maryland's Consumer Debt Collection Act ("MDCA"), Com. Law § 14-201, *et seq.*, and Maryland's Consumer Protection Act ("MCPA"), Com. Law §§ 13-101 *et seq.* And Count IV alleges that Bayview violated the Maryland Mortgage Fraud Protection Act ("MMFPA"), Real Prop. § 7-401, *et seq.*

    On August 17, 2020, Mr. Palazzo filed a Motion for Withdrawal of the Adversary Proceeding to this Court for resolution by jury.[1] The Defendants responded on September 9, 2020,

---

[1] Mr. Palazzo filed a Motion to Stay the proceedings in the Adversary Proceeding in the Bankruptcy Court pending the resolution of this Motion on the same date. ECF 1-3.

1

taking "no position as to whether this [] Court should withdraw the reference" of Mr. Palazzo's Adversary Complaint. Defendant's Response, ECF 4 at 2.

In a Memorandum Opinion issued on August 13, 2020, the Bankruptcy Court concluded that it lacked Subject Matter Jurisdiction over Counts III and IV of the Amended Complaint. *See generally,* SMJ Mem. Op. Rather than dismiss those claims outright, the Bankruptcy Court stayed Counts III and IV pending the resolution of this Motion for Withdrawal. *Id.*

On January 13, 2022, Mr. Palazzo filed a Letter with this Court requesting leave to "move for an appropriate Order of the Court concerning the any [(sic)] final adjudication of a trial judgment in the related bankruptcy proceeding." ECF 7 at 1. Mr. Palazzo, quite appropriately, observed that the Court has not ruled on his Reference Motion, which has long been ripe for adjudication. *Id*. Mr. Palazzo's Letter states:

> Under the circumstances and background presented, Mr. Palazzo has not been permitted to proceed on his non-bankruptcy related claims under remedial Federal and State debt collection laws in which he is entitled to a jury trial he has requested.
>
> ***
>
> This Court has the "responsibility…to protect the constitutional right to trial by jury but also limits the issues open for determination here by defining the protection to which that right is entitled in cases involving both legal and equitable claims." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962). When claims and issues involve both legal and equitable relief, "the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims." *Id.* at 479. *See also U.S. ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394, 404 (4th Cir. 2012)("The Seventh Amendment demands that facts common to legal and equitable claims be adjudicated by a jury").
>
> To preserve Plaintiff's right to a jury trial on his legal claims, which should ultimately be heard first as explained in *Dairy Queen* and *Drakeford*, Plaintiff believes it appropriate for this Court to issue an Order preserving his jury right on his legal claims to proceed first before any trial judgment in the related proceeding. . . . . While Plaintiff wishes the circumstances presented were different and his matters had not arisen during the Covid-19 pandemic which has impacted the adjudication of his claims, he also wishes to preserve his Seventh Amendment right to a jury hearing his legal claims before a trial judgment is entered on his equitable claims.

*Id.*

A District Court may withdraw a referred proceeding "on timely motion of any party for cause shown." 28 U.S.C. § 157(d). The District Court shall withdraw any referred proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id*.

District Courts consider the following factors when determining whether there is good cause for withdrawal: "(1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code: (2) uniformity of bankruptcy administration: (3) forum shopping: (4) conservation of creditor and debtor resources: (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." *Farmer v. Macy's Inc.*, No. AP LSS-16-0350, 2017 WL 3493129, at *2 (D. Md. Aug. 14, 2017) (citing *Albert v. Site Mgmt., Inc.*, 506 B.R. 453, 455 (D. Md. 2014)).

Mr. Palazzo's Motion for Withdrawal addresses each of the above-listed factors and argues that withdrawal is appropriate in this case. I agree. Mr. Palazzo correctly observes that the Bankruptcy Court's determination that it lacks subject matter jurisdiction over Counts III and IV of the Amended Complaint weighs significantly in favor of withdrawal. He notes specifically that the Bankruptcy Court's decision makes clear that this action presents a mixture of core[2] and non-core matters, and that it would best serve the interests of justice and efficiency to withdraw this action in its entirety to this Court where it may eventually be presented to a jury as Mr. Palazzo has requested.

Because I agree with Mr. Palazzo's conclusion that withdrawing this Action to this Court is appropriate under the circumstances, his Motion for Withdrawal of Reference is GRANTED.

Although informal, this is an Order of the Court and shall be docketed as such.

        Sincerely,

        /S/
        _____

        Paul W. Grimm
        United States District Judge

---

[2] *See* SMJ Mem. Op. at 5 ("While the court must, of necessity, have subject matter jurisdiction over a core matter, subject matter jurisdiction is determined by 28 U.S.C. §1334(b).").

3