FILED: September 5, 2023

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1429
(8:20-cv-02392-DLB)

RUBEN PALAZZO,

　　　　　　　Plaintiff - Appellant,

　　v.

BAYVIEW LOAN SERVICING, LLC; MANUFACTURERS AND TRADERS
TRUST COMPANY,

　　　　　　　Defendants - Appellees.

O R D E R

Ruben Palazzo seeks to appeal the district court's order granting partial summary

judgment to Defendants Bayview Loan Servicing, LLC and Manufacturers & Traders Trust

Co. in the underlying adversary proceeding. Defendants move to dismiss Palazzo's appeal

as interlocutory. We grant the motion and dismiss the appeal.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain

interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v.

Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The traditional rule of finality is

applied "in a more pragmatic and less technical way in bankruptcy cases than in other

situations." *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985). For an otherwise interlocutory order to be reviewable on appeal, it must finally resolve an adversary proceeding, controversy, or entire bankruptcy proceeding on the merits and leave nothing for the court to do but execute its judgment. *See In re Abingdon Realty Corp.*, 634 F.2d 133, 135 (4th Cir. 1980). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020).

"Adversary proceedings [are] essentially full civil lawsuits carried out under the umbrella of the bankruptcy case." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505 (2015) (cleaned up). Thus, "the 'discrete dispute' is the adversary proceeding itself, not a particular claim within that proceeding." *Ayers v. U.S. Dep't of Def.*, 819 F. App'x 180, 181 (4th Cir. 2020) (No. 19-2230). This is because "adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999) (citation omitted). Because two of the four counts in Palazzo's adversary complaint remain pending before the district court, this appeal is interlocutory. *See, e.g.*, *In re Esteva*, 60 F.4th 664, 671-72 (11th Cir. 2023); *In re Woodberry*, No. 21-1043, 2021 WL 6502178, at *2 (6th Cir. Nov. 1, 2021); *Ayers*, 819 F. App'x at 181. Thus, we grant the motion to dismiss.

Entered at the direction of the panel: Judge Niemeyer, Judge Wynn, and Judge Rushing.

For the Court

/s/ Nwamaka Anowi, Clerk